IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANASTASIO NICK LAOUTARIS, #47066-177, MOVANT, | § § § § | |
| v. | § § § | CIVIL CASE NO. 3:19-CV-1221-B-BK (CRIMINAL CASE NO. 3:13-CR-386-B-1) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Anastasio Nick Laoutaris' *pro se* request for appointment of counsel and an extension of time to file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including findings and a recommended disposition. As detailed here, it is recommended that the request for extension of time be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

In 2015, a jury found Laoutaris guilty of two counts of computer intrusion causing damage and, in 2016, he was sentenced to two, concurrent 115-month imprisonment terms and ordered to pay $1,697,800 in restitution. *United States v. Laoutaris*, No. 3:13-CR-386-B-1, Crim. Doc. 103 (N.D. Tex. Apr. 15, 2016), *aff'd*, 710 F. App'x 215 (5th Cir. Jan. 29, 2018) (per curiam). Laoutaris now requests an unspecified extension of time to file a Section 2255 motion and the appointment of counsel because he lacks formal legal training. Doc. 2. He also avers that he has newly discovered evidence of his innocence and U.S. Attorney's Office's commission of serious criminal violations. Laoutaris' request is not accompanied by even a

skeletal Section 2255 motion, however.

Federal courts lack jurisdiction to consider the timeliness of a Section 2255 motion until it is actually filed. *See United States v. McFarland*, 125 F. App'x 573, 574 (5th Cir. Apr. 6, 2005) (quoted case omitted) (*per curiam*) ("Before the [2255] petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness would be merely advisory.'" (quoting *United States v. Leon,* 203 F.3d 162, 163 (2d Cir. 2000) (per curiam))). Thus, until Laoutaris files a Section 2255 motion, there is neither an adverse party before the Court nor a concrete issue for the Court to determine. *See, e.g., United States v. Bautista,* 548 F. App'x 254 (5th Cir. 2013) (per curiam) (affirming denial of motion for extension of time to file a Section 2255 motion because the district court lacked jurisdiction to entertain the motion). Moreover, neither the 2255 Rules nor the Federal Rules of Civil Procedure contemplate the filing of a motion for extension of time to file a Section 2255 motion. And Section 2255 does not authorize federal courts to prospectively extend, stop, or toll the one-year statute of limitations. *Cf.* 28 U.S.C. § 2255(f). *See also Hardaway v. Davis*, 684 F. App'x 444, 448 (5th Cir. 2017) (finding that timely filing of a motion for extension of time, standing alone, was insufficient to toll one-year limitations period for filing a federal habeas petition).

For the foregoing reasons, Petitioner's request for extension of time to file a section 2255 motion and for appointed counsel should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on May 24, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).